PERKINS vs. TOWN OF PORT WASHINGTON and others.

RAILROAD CORPORATION. *Material change of a line of road invalidates obligation of nonassenting subscriber to stock.*

This action being for a specific performance of the contract of the defendant town to issue bonds in payment of its subscription to the stock of

the M., M. & G. B. Railroad Co., this court holds the subscription not binding, for the reason stated in the preceding case (that question being raised by the answer), and that defendants are entitled to positive relief by injunction restraining all persons claiming under the company or the plaintiff from asserting any claim against said town by reason of such stock subscription, etc.

APPEAL from the Circuit Court for *Fond du Lac* County. Action to compel the specific performance by the town of *Port Washington* of its agreement to issue bonds to the amount of $30,000 in payment of the subscription, alleged to have been made; the facts in relation to which are fully stated in the preceding report of the case of *Nœsen* and others against said town. One defense set up was that the town was released from its obligations by the change of line and objects of the railroad company, in its purchasing and undertaking the operation of the line of road from Manitowoc to Appleton, which change is fully stated in the report of the *Nœsen* case. Upon the facts thus set forth, the town prayed by way of counterclaim, that the subscription of the town to the stock of the company be adjudged void, and the plaintiff enjoined from enforcing or setting up any claim against the town thereon.

The circuit court found, as facts, among other things, that the Milwaukee, Manitowoc & Green Bay Railroad Company had, since the election at which the town voted the subscription, extended its line from the city of Manitowoc in a westerly direction to the city of Appleton, and acquired for a nominal consideration, from the Appleton & New London Railway Company, so much of its line of road as lies between said cities, and had owned, since such acquisition, and operated the same as a feeder, or branch in connection with the main line; no part of the original route being abandoned, or any change in the original object and purpose of the company having ever been made.

Judgment for the plaintiff for full amount of claim, and execution stayed for 30 days, in which the town authorities might

issue the bonds, as voted; from which judgment the town appealed.

*Smith* and *Stark*, for appellants.

*Cotzhausen, Sylvester & Scheber*, for respondents, argued upon the point considered by the court, that no part of the original enterprise had been abandoned by the acquisition of the road from Manitowoc to Appleton; that this was not a radical and fundamental change in the character of the enterprise; that the power to acquire said road was contained in its original charter, and the general railroad law of 1872; and that the subscriber for stock is released from his subscription by a subsequent alteration of the organization or purposes of the company, only when such alteration is both fundamental, and not provided for, or contemplated by either the charter itself, or the general laws of the state. *Nugent v. Supervisors*, 19 Wall., 241.

COLE, J.   This is an action for the specific performance of the contract of subscription to the stock of the Milwaukee, Manitowoc & Green Bay Railroad Company which was entered into by the authorities of the defendant town.   The plaintiff is an assignee for value of this subscription, and claims that a specific performance be enforced as against the town.

A bill of exceptions was settled, and a number of questions are raised upon the record which were very elaborately discussed by counsel on both sides.

In the case of *Næsen et al. v. The Town of Port Washington et al.* (*ante*, p. 168), we decided that there was a fundamental change in the objects and purposes of the corporation growing out of the acquisition or purchase of the Appleton road, and that this change released the town from its obligation to pay its subscription or to issue its bonds.   That decision is obviously controlling in this case, and is fatal to this action.   No other question need be considered.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with directions to grant the defend-

ants the relief demanded in the fifth defense in tho answer, set up by way of counterclaim to the plaintiff's cause of action.